**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MUSIC L.A.A., INC., d/b/a LAA MUSIC, and ZAC HILLER,

Plaintiffs,

v.

SHEIN US SERVICES, LLC; SHEIN DISTRIBUTION CORPORATION; and DOES 1 through 10, inclusive,

Defendants.

Case No. _______________

Hon. _______________

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Plaintiffs Music L.A.A., Inc., doing business as LAA Music, and Zac Hiller, for their Complaint against Defendants SHEIN US Services, LLC, SHEIN Distribution Corporation, and Does 1 through 10, allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs Music L.A.A., Inc., doing business as LAA Music ("LAA"), and Zac Hiller ("Hiller," and together with LAA, "Plaintiffs"), bring this action under the Copyright Act, 17 U.S.C. § 101 et seq., to stop and recover for two sponsored social media uses of registered music promoting SHEIN: an Instagram

Reel using the registered sound recording "Take it Off 'Lights Off' Beat" and a TikTok video using the registered musical work "Boo (original drum composition)."

2. The two uses are distinct. The first concerns the sound recording registered as U.S. Copyright Registration No. SR 1-075-539. The second concerns the original drum composition and rhythmic arrangement registered as U.S. Copyright Registration No. PA 2-569-090.

3. Plaintiffs seek relief only for rights they own in those registered works. Hiller asserts the claim for infringement of the sound recording, and LAA asserts the claim for infringement of the musical work. As to "Boo," Plaintiffs do not claim the preexisting loop, the master recording, vocals, lyrics, or any other material excluded from or outside the registration.

## THE PARTIES

4. Plaintiff Music L.A.A., Inc. is a corporation doing business as LAA Music, with its principal place of business at 429 Atlantic Avenue, Freeport, New York 11520. LAA is the copyright claimant identified as "Music LAA" at that address on the "Boo" registration certificate.

5. Plaintiff Zac Hiller is an individual residing in New York. Hiller is the copyright claimant of record for the sound recording "Take it Off 'Lights Off' Beat."

6. Defendant SHEIN US Services, LLC ("SHEIN US Services") provides SHEIN's U.S. website and mobile application. SHEIN's U.S. Terms of Use state

that the U.S. marketplace enables purchases from third-party sellers and/or SHEIN Distribution Corporation.

7. Defendant SHEIN Distribution Corporation ("SHEIN Distribution," and together with SHEIN US Services, the "SHEIN Defendants") sells products through SHEIN's U.S. marketplace. SHEIN's public "Permission to Use Content" terms identify SHEIN Distribution and its parent, affiliates, and related entities as the entities licensed to use certain tagged social media posts for marketing, advertising, and promotion. On information and belief, one or both SHEIN Defendants contracted for, directed, or paid for the sponsored posts alleged in this Complaint.

8. Doe Defendants 1 through 10 are persons or entities whose identities are presently unknown to Plaintiffs. They include the operator of the Instagram account that posted the Reel identified below, the operator of the TikTok account @luisaaababy, and any campaign, agency, or advertising entities that created, uploaded, or distributed the challenged content. Plaintiffs will seek leave to amend this Complaint when their identities are ascertained.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act, 17 U.S.C. § 101 et seq.

10. On information and belief, SHEIN US Services operates an interactive U.S. marketplace through which consumers in this District order products sold by SHEIN Distribution and third-party sellers for delivery to Michigan addresses. SHEIN's U.S. Terms of Use identify SHEIN US Services as the website and application provider, and SHEIN's public shipping information offers delivery throughout the United States, including Michigan.

11. On information and belief, one or both SHEIN Defendants commissioned, approved, or paid for the two sponsored posts described below and caused them to be distributed to consumers in the Eastern District of Michigan for the purpose of promoting sales of SHEIN products in this District. This Court has personal jurisdiction over the SHEIN Defendants under Mich. Comp. Laws § 600.735(1)–(2) because Plaintiffs' claims arise from their transaction of business in Michigan and from acts done or caused to be done in Michigan, and the exercise of jurisdiction is consistent with due process.

12. Venue is proper in this District under 28 U.S.C. § 1400(a) because each Defendant or its agent resides or may be found in this District.

## PLAINTIFFS' RIGHTS IN THE REGISTERED WORKS

13. The sound recording at issue is titled "Take it Off 'Lights Off' Beat." It was created in 2025 and first published in the United States on August 1, 2025. The Copyright Office registered the sound recording effective April 14, 2026, as

U.S. Copyright Registration No. SR 1-075-539. A true and correct copy of the registration certificate is attached as Exhibit A.

14. The certificate identifies Trayvon Jackson as the author of the sound recording and Hiller as the copyright claimant, having obtained ownership of the copyright from the author by written agreement. Hiller owns the copyright in the sound recording, including the exclusive rights to reproduce it, distribute it, and prepare derivative works based on it. Plaintiffs assert no claim in this action to any unregistered underlying musical composition embodied in the sound recording.

15. The musical work at issue is titled "Boo (original drum composition)." The Copyright Office registered it effective January 26, 2026, as U.S. Copyright Registration No. PA 2-569-090. A true and correct copy of the registration certificate is attached as Exhibit B.

16. The "Boo" certificate identifies Kristers Zemnieks as author and names both Kristers Zemnieks and Music LAA as copyright claimants. LAA is the "Music LAA" claimant named on the certificate. LAA obtained its interest in "Boo" from the author by written agreement and is a co-owner of the copyright in the registered work.

17. The "Boo" registration excludes a preexisting musical loop. Its new material is identified as music, musical arrangement, original drum composition, and

rhythmic arrangement. LAA's claim is confined to its interest in that registered original contribution.

18. Plaintiffs owned the rights they assert in each registered work when the challenged uses occurred. Each registration was effective before the challenged posts were identified. Plaintiffs seek statutory damages and attorney's fees only to the extent available under 17 U.S.C. § 412.

## THE SHEIN SPONSORED USES

19. On or about September 4, 2026, Plaintiffs observed a public Instagram Reel at https://www.instagram.com/reel/DcV0WSpIn4a/ (the "Instagram Reel"). The Instagram Reel used the registered "Take it Off 'Lights Off' Beat" sound recording and displayed Instagram's "Paid Partnership" label identifying SHEIN.

20. The Instagram Reel promoted SHEIN in a commercial branded-content setting. The operator of the account that uploaded the Instagram Reel is identified herein as Doe Defendant 1.

21. On or about October 4, 2026, Plaintiffs observed a public TikTok video at https://www.tiktok.com/@luisaaababy/video/7612121219873164545 (the "TikTok Video"). The TikTok Video used "Boo" and promoted SHEIN and SHEIN MEN through product recommendations, a SHEIN app call to action, and a discount code.

22. The TikTok Video displayed a paid partnership disclosure, tagged @SHEIN and @SHEIN MEN, included the hashtags #ad and #SHEINMen, and displayed the promotional code NM2luisaaababy215. The operator of the @luisaaababy account is identified herein as Doe Defendant 2.

23. The Instagram Reel and the TikTok Video (together, the "Sponsored Posts") were created and distributed as branded promotional content, not as private or incidental uses. The paid partnership disclosures, SHEIN product references, app directions, and discount code reflect a commercial relationship between the account operators and SHEIN.

24. On information and belief, one or both SHEIN Defendants, directly or through agents or affiliates, commissioned, funded, approved, or otherwise materially participated in the campaigns and the publication of each Sponsored Post. The campaign contracts, creative briefs, music-selection records, approval communications, payment records, and paid-media records are within the possession, custody, or control of one or both SHEIN Defendants.

25. Neither Plaintiff authorized SHEIN or the account operators to reproduce, prepare derivative audiovisual works from, distribute, or (as to the musical work) publicly perform Plaintiffs' registered interests in either work in sponsored SHEIN advertising. No license from either Plaintiff covers either challenged use.

26. Doe Defendants 1 and 2 caused the registered works to be fixed in the audiovisual Sponsored Posts, uploaded those posts to Instagram and TikTok, respectively, and made them available to the public. SHEIN received the promotional benefit of associating its products and app with the music and directing consumers to SHEIN products and discount offers.

27. Plaintiffs allege infringement only to the extent the Sponsored Posts contain the protectable expression identified in the applicable registration. As to "Boo," that expression is the original drum composition and rhythmic arrangement, not the excluded preexisting loop.

**FIRST CLAIM FOR RELIEF**
**Copyright Infringement of the Sound Recording (17 U.S.C. § 501)**
By Plaintiff Hiller Against the SHEIN Defendants and Doe Defendants

28. Hiller repeats and realleges paragraphs 1 through 27 as if fully set forth herein.

29. Hiller is the legal owner of the copyright in the sound recording, U.S. Copyright Registration No. SR 1-075-539, within the meaning of 17 U.S.C. § 501(b), as described in paragraph 14.

30. Doe Defendant 1 copied and incorporated the registered sound recording into the SHEIN-branded Instagram Reel and caused the Instagram Reel to

be uploaded and distributed. On information and belief, one or both SHEIN Defendants commissioned and approved the paid promotional post and thereby directly caused or participated in the challenged reproduction and distribution. Alternatively, one or both SHEIN Defendants are secondarily liable for Doe Defendant 1's infringement because they knowingly induced or materially contributed to the unauthorized use, or had the right and ability to supervise the sponsored use and received a direct financial benefit from it.

31. The challenged use was not authorized by Hiller. It infringed Hiller's exclusive rights in the registered sound recording, including the rights to reproduce and distribute the sound recording and to prepare or authorize derivative audiovisual works based on it.

32. As a direct and proximate result of the infringement, Hiller has suffered damages, including the lost value of an authorized commercial license, and is entitled to recover any profits of Defendants attributable to the infringement, in amounts to be proven at trial.

**SECOND CLAIM FOR RELIEF**
**Copyright Infringement of the Musical Work (17 U.S.C. § 501)**
By Plaintiff LAA Against the SHEIN Defendants and Doe Defendants

33. LAA repeats and realleges paragraphs 1 through 27 as if fully set forth herein.

34. LAA is a legal owner of the copyright in the original drum composition and rhythmic arrangement registered as "Boo (original drum composition)," U.S. Copyright Registration No. PA 2-569-090, within the meaning of 17 U.S.C. § 501(b).

35. Doe Defendant 2 copied and incorporated the registered musical work into the SHEIN-branded TikTok Video and caused it to be uploaded, distributed, and publicly performed. On information and belief, one or both SHEIN Defendants commissioned and approved the paid promotional post and thereby directly caused or participated in the challenged reproduction, distribution, and public performance. Alternatively, one or both SHEIN Defendants are secondarily liable for Doe Defendant 2's infringement because they knowingly induced or materially contributed to the unauthorized use, or had the right and ability to supervise the sponsored use and received a direct financial benefit from it.

36. The challenged use was not authorized by LAA. It infringed LAA's exclusive rights in the registered musical work, including the rights to reproduce,

prepare derivative audiovisual works from, distribute, and publicly perform the registered musical work.

37. LAA does not seek recovery under this claim for the excluded preexisting loop, the sound recording or master, vocals, lyrics, or any other contribution not included in the registered claim.

38. As a direct and proximate result of the infringement, LAA has suffered damages, including the lost value of an authorized commercial license, and is entitled to recover any profits of Defendants attributable to the infringement, in amounts to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against the SHEIN Defendants and the Doe Defendants as follows:

A. A declaration that Defendants infringed Plaintiffs' rights in the registered works;

B. Preliminary and permanent injunctive relief under 17 U.S.C. § 502 enjoining further infringement of the registered works;

C. At each Plaintiff's election, actual damages and Defendants' attributable profits, or statutory damages for each work under 17 U.S.C. § 504, including enhanced statutory damages for willful infringement;

D. Impoundment or other appropriate disposition of infringing materials under 17 U.S.C. § 503;

E. Recoverable costs and reasonable attorney's fees under 17 U.S.C. § 505;

F. Prejudgment and post-judgment interest; and

G. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Hal D. Burke
Hal D. Burke (P69068)
P.O. Box 1335
Toledo Ohio 43603
Telephone: (419) 243-2283
Fax No.: (419) 463-9139
hburke@sgblegal.com

*Attorney for Plaintiffs Music L.A.A., Inc., d/b/a LAA Music, and Zac Hiller*